IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                                    Case Nos.:    4:12cr3/RH/GRJ
                                                     4:14cv470/RH/GRJ
WILLIE JAMES COACHMAN,

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's "Motion under 28
U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in
Federal Custody" and incorporated memorandum of law.   (ECF No. 321.)
The Government has filed a response (ECF No. 323) and Petitioner has
filed a reply.   (ECF No. 324.)   The case was referred to the undersigned
for the issuance of all preliminary orders and any recommendations to the
district court regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2;
*see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   After a review of
the record and the arguments presented, the Court concludes that
Petitioner has not raised any issue requiring an evidentiary hearing and
that the § 2255 motion should be denied.   *See* Rules 8(a) and (b)
Governing Section 2255 Cases.

## BACKGROUND

On January 17, 2012, Petitioner Willie James Coachman and eight others were charged in a 116-count indictment with various crimes as a result of their involvement in a criminal ring that filed fraudulent tax returns. (ECF No. 1.)   At the time of the indictment, the fraud ring was known to be responsible for filing at least 356 false tax returns, claiming refunds totaling $2,427,108.00, which resulted in the receipt of $761,554.00 from the U.S. Treasury.   (*See* ECF No. 224, PSR ¶ 5.) Between 2006 and 2009, approximately 100 fraudulent refunds totaling $464,544.35 were deposited into Petitioner's various bank accounts.   (ECF No. 224, PSR ¶ 12.)   This amount included $119,875.05 from 27 deposits with taxpayer names associated with ringleader Loretta Glover.   (ECF No. 224, PSR ¶ 12.) Petitioner was paid between $200 and $1000 per withdrawal from the deposits.   He frequently opened new bank accounts to avoid using the same accounts for false tax refund deposits in an effort to avoid detection. (ECF No. 224, PSR ¶ 13.)   Petitioner was charged in Count 1 with Conspiracy to Commit Federal Income Tax Fraud in the amount of $2.4 million in violation of 18 U.S.C. §§ 286 and 287; and in Counts 83 through

88 and Count 93 with Aiding and Abetting Wire Fraud in violation of 18 U.S.C. §§ 1343 and 2. Petitioner proceeded to trial, represented by appointed counsel Clifford Davis, and was convicted as charged. (ECF Nos. 168, 251, 252.)

In the final Presentence Investigation Report ("PSR"), Petitioner's total offense level of 21 reflected a base offense level of 7 and a 14-level upward adjustment due to the intended loss. (PSR ¶¶ 21-30.) His criminal history category, which is at issue in the instant motion, was V based on 10 prior criminal history points. (PSR ¶ 39.) The applicable guidelines range was 70 to 87 months. At sentencing, the court overruled Petitioner's objection to the loss amount and sentenced Petitioner, who was then 67 years old, to a term of 70 months imprisonment, which was the low end of the applicable guidelines range. (ECF No. 253 at 3, 14; ECF No. 233.)

On appeal, the Eleventh Circuit affirmed Petitioner's convictions and sentences, rejecting his argument that there was a constructive amendment of or substantial variance from the indictment, as well as his challenge to the loss calculation. (ECF No. 280.)

## ANALYSIS

### General Standard of Review

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged

constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects"). Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally

barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of

whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa."). In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at

688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th

Cir. 2007).    Reviewing courts are to examine counsel's performance in a

highly deferential manner and "must indulge a strong presumption that

counsel's conduct fell within the wide range of reasonable professional

assistance."    *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009)

(quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*,

218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of

reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d

362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to

error-free representation").    Counsel's performance must be evaluated

with a high degree of deference and without the distorting effects of

hindsight.    *Strickland*, 466 U.S. at 689.    To show counsel's performance

was unreasonable, a defendant must establish that "no competent counsel

would have taken the action that his counsel did take."    *Gordon v. United*

*States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*,

218 F.3d at 1315.    "[T]he fact that a particular defense ultimately proved to

be unsuccessful [does not] demonstrate ineffectiveness."    *Chandler*, 218

F.3d at 1314.    When reviewing the performance of an experienced trial

counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*). For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, such as in the instant case, Petitioner must demonstrate that there is a

reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Petitioner must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). The law is well-established that counsel is not ineffective for failing to preserve or argue a meritless claim. *Denson v. United States*, 804 F.3d

1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*,

536 F.3d 1225, 1233 (11th Cir. 2008)).   This is true regardless of whether

the issue is a trial or sentencing issue.   *See, e.g.*, *Sneed v. Florida Dep't of*

*Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve

meritless *Batson* claim not ineffective assistance of counsel);   *Lattimore v.*

*United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not

ineffective for failing to make a meritless objection to an obstruction

enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002)

(counsel was not ineffective for failing to raise issues clearly lacking in

merit); *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel not

ineffective for failing to object to "innocuous" statements by prosecutor, or

accurate statements by prosecutor about effect of potential sentence);

*Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not

ineffective for failing to make meritless motion for change of venue);

*Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not

pursue constitutional claims which he reasonably believes to be of

questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir.

1992) (no ineffective assistance of counsel for failing to preserve or argue

meritless issue); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir.

1989) (counsel was not ineffective for informed tactical decision not to

make what he believed was a meritless motion challenging juror selection

procedures where such a motion has never been sustained because such

a motion would not have been successful).

An evidentiary hearing is unnecessary when "the motion and files and

records conclusively show that the prisoner is entitled to no relief."   *See* 28

U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518

F.3d 1291, 1301 (11th Cir. 2008).   Not every claim of ineffective

assistance of counsel warrants an evidentiary hearing.   *Gordon*, 518 F.3d

at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)).

To be entitled to a hearing, a defendant must allege facts that, if true, would

prove he is entitled to relief.   *See Hernandez v. United States*, 778 F.3d

1230, 1234 (11th Cir. 2015).   A hearing is not required on frivolous claims,

conclusory allegations unsupported by specifics, or contentions that are

wholly unsupported by the record.   *See Winthrop–Redin v. United States*,

767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need

not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon

unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239. Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

## Petitioner's Claims

### *Ground One—Failure to Object to Criminal History Calculation*

Petitioner first contends that trial counsel was constitutionally ineffective because he failed to object to the calculation of his criminal history at sentencing. Petitioner asserts that he should have been assessed a single criminal history point for the convictions identified in Paragraphs 36 and 37 of the PSR, rather than one point for each conviction. (ECF No. 321 at 19) Subtracting a point from his criminal history would have left him with nine criminal history points. Nine points corresponds to a criminal history category of IV instead of V, and the applicable guidelines range would have been 57 to 71 months instead of 70 to 87 months.

Paragraph 36 of the PSR is a conviction for Petit Theft in Hillsborough County Circuit Court, Dkt. # 07-CF-21152.   (ECF No. 224, PSR ¶ 36.)   According to the PSR, Petitioner was originally charged with Count 1, Organized Fraud, Count 2, Acting as an Insurance Agent, Adjuster, or Custodian; and Count 3, False or Fraudulent Proof of Motor Vehicle Insurance.   Counts 1 and 2 were Nolle Prossed and Count 3 was dismissed.   The offense conduct involved a scheme to defraud one or more persons that began on or about October 12, 2004.   Petitioner falsely represented himself as a lawful insurance salesman to numerous individuals, resulting in him illegally receiving money for fraudulent insurance transactions.   Petitioner was not arrested for this offense until May 6, 2008, although the case number suggests he was indicted in 2007.

Paragraph 37 of the PSR reflects two convictions for Petit Theft in Hillsborough County Circuit Court Dkt. #08-CF-14339.   (ECF No. 224, PSR ¶ 37.)   In that case, Petitioner was also charged in Count 2, with Organized Fraud, Count 3, False or Fraudulent Proof of Motor Vehicle Insurance, Count 5, Transacting Insurance without a license; and Count 6 False or Fraudulent Proof of Motor Vehicle Insurance.   Counts 2, 3, 5 and

6 were dismissed.  The offense conduct in the second case took place between November 1, 2006 and June 11, 2008.  Petitioner purportedly engaged in a scheme to defraud by providing false or fraudulent proof of motor vehicle insurance, and fraudulently obtaining property valued less than $20,000.00.  Petitioner was arrested on these charges on July 27, 2008.

On January 20, 2009, Petitioner pleaded guilty in both of the Hillsborough County cases and was sentenced to time served (31 days) as to the first offense and time served (13 days) as to the second offense. (ECF No. 224, PSR ¶¶ 36, 37.)  He now maintains that because the sentences were imposed on the same day, they should have been counted as a single sentence for the purpose of calculating his criminal history.

Petitioner relies on U.S.S.G. § 4A1.2(a)(2) which provides in pertinent part:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or treated as a single sentence.  Prior offense that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense).  If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were

Case Nos.: 4:12cr3/RH/GRJ; 4:14cv470/RH/GRJ

> imposed on the same day.   Treat any prior sentence covered
> by (A) or (B) as a single sentence.

U.S.S.G. § 4A1.2(a)(2).   Neither the Sentencing Guidelines nor the

Commentary expressly address a situation involving continuing offense

conduct such as that presented here.   Based on the dates set forth in the

PSR, Petitioner's offense conduct in the second case continued after his

arrest in the first case.   Had Petitioner begun a new fraud after his arrest, it

would have been a separate and countable offense.   It would be illogical to

conclude that an individual, who engaged in criminal conduct after an

arrest, would escape the assessment of points for this conduct merely

because it was a continuation of pre-arrest conduct, rather than a "new"

crime.   Petitioner does not deny or challenge the factual description of the

second Hillsborough County offense.   Accordingly, the Court concludes

that his attorney was not constitutionally ineffective for failing to make this

argument.

Alternatively, Petitioner points to section 4A1.2(c) of the Sentencing

Guidelines, governing the exclusion of certain petty offenses, as a basis for

relief.   This section provides that sentences for all felony offense are

counted, and that sentences for misdemeanor and petty offenses are

counted as well, with certain exceptions.   The record reflects that Petitioner's prior offenses were charged as felony offenses.   The name of the offense "petit theft" does not govern whether it is a felony or a misdemeanor under Florida law.   Section 812.014(3)(c), Florida Statutes provides that a person who commits petit theft and who has previously been convicted two or more times of any theft commits a felony of the third degree.

Section 4A1.2(c)(1) of the guidelines provides that sentences for certain enumerated minor offenses and "offenses similar to them" are counted only if "(A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense."   While Petitioner says that only one of the two sentences in question was for greater than 30 days, Petitioner ignores the fact that "petit theft" is not similar to any of the offenses enumerated in § 4A1.2(c)(1).   Thus, this section does not apply and counsel was not constitutionally ineffective for failing to pursue an objection on this basis.

### *Ground Two—Failure to Raise Ground One on Appeal*

Petitioner next contends that Mr. Davis, who served as both trial and appellate counsel, was constitutionally ineffective when he failed to raise this issue on appeal. This claim is also without merit.

Due process of law requires that a defendant receive effective assistance of appellate counsel on his direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To prevail on a claim for ineffective assistance of appellate counsel, a defendant must show that (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal. *Shere v. Sec'y Fla. Dep't of Corr.*, 537 F.3d 1304, 1310 (11th Cir. 2008); *see Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir.2009) (holding that claims for ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To determine whether defense counsel rendered ineffective assistance by failing to raise certain issues on appeal, the court may consider the merits of the issues the defendant alleges counsel was derelict in not raising on appeal. *Miller v. Dugger*, 858 F.2d 1536, 1538 (11th Cir. 1988); *Reutter v.*

*Secretary for Dept. of Corrections*, 232 F. App'x 914, 917 (11th Cir. 2007)
(determining that counsel's decision not to raise a particular argument on
appeal, in light of his having raised several important claims, was likely a
strategic decision to "winnow out weaker arguments").    Of course,
appellate counsel is not ineffective for failing to raise claims that are
reasonably considered to be without merit.    *Brown v. United States*, 720
F.3d 1316, 1335 (11th Cir. 2013); *Shere v. Sec'y Fla. Dep't of Corr.*, 537
F.3d 1304, 1311 (11th Cir. 2008); *United States v. Nyhuis*, 211 F.3d 1340,
1344 (11th Cir. 2000) (citing *Alvord v. Wainwright*, 725 F.2d 1282, 1291
(11th Cir. 1984).    Because the arguments Petitioner says counsel should
have raised were without merit, counsel was not constitutionally ineffective,
and Petitioner is not entitled to relief.

## Conclusion

For all of the foregoing reasons, the court concludes that Petitioner
has not shown that any of the claims raised in his motion to vacate, set
aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.    Nor
has he shown that an evidentiary hearing is warranted.    Therefore
Petitioner's motion should be denied in its entirety.

Case Nos.: 4:12cr3/RH/GRJ; 4:14cv470/RH/GRJ

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by

either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.     The "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 321) should be **DENIED**.

2.     A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 18th day of April, 2017.


*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos.: 4:12cr3/RH/GRJ; 4:14cv470/RH/GRJ