IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASES NO. 4:12cr3-RH
 4:14cv470-RH/GRJ

WILLIE JAMES COACHMAN,

    Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION AND
## DENYING A CERTIFICATE OF APPEALABILITY

A jury convicted the defendant Willie James Coachman on tax- and wire-fraud charges. He was sentenced within the guideline range. He appealed. The United States Court of Appeals for the Eleventh Circuit affirmed.

Mr. Coachman has moved for relief under 28 U.S.C. § 2255. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 367, which concludes that the motion should be denied. Mr. Coachman has not filed objections. This order accepts the report and recommendation with this additional explanation.

I

Mr. Coachman asserts his attorneys rendered ineffective assistance by failing to challenge the guideline treatment of two prior convictions. The first conviction (in Case No. 07-CF-21152) was for petit theft arising from a fraudulent scheme that began on October 12, 2004 and resulted in an arrest on May 6, 2008. The second conviction (in Case No. 08-CF-14339) was for petit theft arising from a similar but somewhat different fraudulent scheme that began on November 1, 2006, ended on June 11, 2008, and resulted in an arrest on July 27, 2008. The sentences in the two cases were imposed on the same day. Because each sentence was for less than 60 days in custody, each sentence was assessed one criminal history point under the United States Sentencing Guidelines Manual ("*Guidelines Manual*").

Mr. Coachman asserts the sentences should have been treated as a single sentence and assessed only a single criminal history point. That is incorrect. The controlling provision is this:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or treated as a single sentence. *Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest* (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the

> same day. Treat any prior sentence covered by (A) or (B) as a single sentence. . . .

*Guidelines Manual* § 4A1.2(a)(2) (emphasis added).

The presentence report's description of Mr. Coachman's second offense, in Case No. 08-CF-14339, indicates the offense continued until June 11, 2008—after the May 6 arrest for the first offense in Case No. 07-CF-21152. Mr. Coachman has proffered no evidence to the contrary—no evidence that the second offense ended before the arrest for the first offense. That arrest was thus "an intervening arrest" within the meaning of § 4A1.2(a)(2). *See United States v. Cashwell*, 66 F. App'x 441, 441-42 (3d Cir. 2003) (holding that when a defendant was arrested for a first offense after a second offense began but before the second offense concluded, the arrest for the first offense was an "intervening arrest"). And as the language of § 4A1.2(a)(2) makes clear, offenses separated by an intervening arrest count separately, even if sentenced on the same day. *See United States v. Delaney*, 639 F. App'x 592, 597 (11th Cir. 2016).

Mr. Coachman also says that under *Guidelines Manual* § 4A1.2(c), an arrest for petit theft, even when it results from a fraudulent scheme, should not be assessed criminal history points. That section excludes specifically listed misdemeanor offenses "and offenses similar to them." Mr. Coachman's offenses were neither listed nor similar to any listed offense.

Page 4 of 5

In sum, Mr. Coachman has proffered no evidence indicating that his guideline range was improperly calculated. His trial and appellate attorneys did not render ineffective assistance by failing to raise these issues. And their failure to raise these issues caused no prejudice to Mr. Coachman. He is not entitled to relief.

II

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4).

Mr. Coachman has not made the required showing. This order denies a certificate of appealability.

Cases No. 4:12cr3-RH and 4:14cv470-RH/GRJ

III

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is denied."

3. A certificate of appealability is denied.

SO ORDERED on May 24, 2017.

<div style="text-align: right;">
s/Robert L. Hinkle<br>
United States District Judge
</div>